# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2142-19

L.B.,

    Plaintiff-Respondent,

v.

J.P.,

    Defendant-Appellant.

_____

Submitted January 4, 2021 – Decided September 16, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-0850-19.

Kirah M. Addes, attorney for appellant.

Arons & Solomon, PA, attorneys for respondent (Marion B. Solomon and Patricia L. Burris, on the brief).

PER CURIAM

Defendant J.P. appeals from a final restraining order (FRO) entered in favor of plaintiff L.B., as well as a subsequent order awarding counsel fees to plaintiff. We vacate both orders and dismiss the plaintiff's domestic violence complaint.

I.

Plaintiff and defendant met while working for the same company. Plaintiff had a consulting role with regard to certain aspects of defendant's work, and they interacted professionally on a regular basis. They began a two-year dating relationship which ended in 2015. After the relationship ended, plaintiff married another woman he had been dating, and defendant eventually left the company.

In March 2018 plaintiff filed a domestic violence complaint against defendant and secured a temporary restraining order against her. On April 16, 2018, the two parties reached an agreement for civil restraints (civil agreement), and in turn, plaintiff agreed to dismiss the complaint. The three-page handwritten civil agreement, appended to a consent order, contained the following language in paragraph seven:

> Defendant understands[,] acknowledges[,] and agrees that any violation of this agreement shall constitute an act of harassment, and that upon proof of same[,] [d]efendant shall consent to the entry of a [f]inal

2

[r]estraining [o]rder under the Prevention of Domestic Violence Act.

Subsequent to the agreement, defendant contacted plaintiff via email and Facebook at least three times between August 5 and September 4, 2018. Plaintiff then filed a second domestic violence complaint against defendant, alleging the predicate acts of harassment and cyber-harassment. A TRO was issued against defendant on October 30, 2018.

At trial, plaintiff, plaintiff's wife, and defendant testified. The trial court made a single credibility finding, rejecting defendant's testimony about why she contacted plaintiff after the agreement went into effect.[1] The trial court made no other credibility findings as to defendant. Neither did the trial court make credibility findings as to the plaintiff or his wife. The trial court noted the emails in evidence were sent after the agreement had been signed by the parties. The court next found defendant had a purpose to harass, citing three reasons: defendant's violation of the civil agreement; her use of coarse language in the emails; and the trial court's rejection of defendant's stated reasons for sending

---

[1] At trial, defendant alleged she was constructively terminated from her job at the company where the parties worked because of workplace discrimination by plaintiff. She alleged plaintiff's discrimination towards her began after their relationship ended, but before she left the company. She testified at the domestic violence trial that she contacted plaintiff by email "to seek closure" after she left the company. We express no opinion on the merits of defendant's allegations.

A-2142-19

the emails. The court concluded defendant committed the predicate act of harassment in violation of N.J.S.A. 2C:33-4, and that defendant committed the predicate act of cyber-harassment under N.J.S.A. 2C:33-4.1(a)(2).[2] The trial court made no findings with respect to any history of domestic violence between the parties.[3] Finally, the trial court ordered the entry of an FRO against defendant and awarded counsel fees against her, based on language in the civil agreement. Defendant appealed, raising the following arguments:

> I. THE TRIAL COURT ERRED IN ENTERING A FINAL RESTRAINING ORDER AGAINST DEFENDANT BASED ON A FINDING THAT DEFENDANT VIOLATED THE CIVIL CONSENT AGREEMENT BETWEEN THE PARTIES
> (Raised Below)
>
> II. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT COMMITTED THE PREDICATE OFFENSES OF HARASSMENT AND CYBER HARASSMENT
> (Raised Below)
>
>> A. The Trial Court Erred in finding that Defendant Committed a Predicate Act of Harassment in Violation of N.J.S.A. 2C:33-4

---

[2] The record shows that the trial court did not specify which section of the harassment statute it found defendant violated, N.J.S.A. 2C:33-4(a) or (c).

[3] In its oral decision, the trial court found that one email defendant sent to plaintiff, the "anniversary" email, provided the trial court with "some indication of the history of defendant's communication to plaintiff."

A-2142-19

(Raised Below)

B. The Trial Court Erred in finding that
Defendant Committed a Predicate Act of
Cyber Harassment in Violation of N.J.S.A.
2C:33- 4.1(a)(2)
(Raised Below)

III. THE TRIAL COURT FAILED TO DISCUSS ANY
PRIOR HISTORY OF DOMESTIC VIOLENCE
BETWEEN THE PARTIES
(Raised Below)

IV. THE TRIAL COURT'S FINDING THAT A FINAL
RESTRAINING ORDER WAS NECESSARY TO
PROTECT PLAINTIFF FROM IMMEDIATE
DANGER OR ACTS OF DOMESTIC VIOLENCE
WAS CONCLUSORY AND NOT DONE IN
ACCORDANCE WITH THE CASE LAW AS
DICTATED IN SILVER V. SILVER
(Not Raised Below)

V. PLAINTIFF DOES NOT FALL WITHIN THE
PURVIEW OF THE LEGISLATURE'S DEFINITION
OF VICTIM OF DOMESTIC VIOLENCE
(Raised Below)

VI. THE TRIAL COURT'S AWARD OF
ATTORNEY'S FEES IN THE AMOUNT OF
$4,447.92 WAS EXCESSIVE AND
UNREASONABLE
(Not Raised Below)

II.

Our scope of review of Family Part orders is limited. Cesare v. Cesare,

154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's

findings of fact because of its special expertise in family matters. Id. at 413 (citations omitted). Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Id. at 412 (citations omitted). A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand . . . ." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). We will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we do not accord such deference to legal conclusions and review such conclusions de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

To determine whether the entry of an FRO is appropriate, the court must first "determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006).

Under N.J.S.A. 2C:33-4:

> [A] person commits a petty disorderly persons offense [of harassment] if, with purpose to harass another, he:
>
> > a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
> >
> > b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
> >
> > c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

"'A finding of a purpose to harass may be inferred from the evidence presented' and from common sense and experience." H.E.S. v. J.C.S., 175 N.J. 309, 327 (2003) (quoting State v. Hoffman, 149 N.J. 564, 577 (1997)). Analyzing subsection (a), the Hoffman court stated, "[s]peech that does not invade one's privacy by its anonymity, offensive coarseness, or extreme inconvenience does not lose constitutional protection even when it is annoying." Hoffman, 149 N.J. at 583-84. Analyzing subsection (c), our Supreme Court has construed "'any other course of alarming conduct' and 'acts with purpose to alarm or seriously annoy' as repeated communications directed at a person that reasonably put that person in fear for [their] safety or security or that intolerably

interfere with that person's reasonable expectation of privacy." State v. Burkert, 231 N.J. 257, 284-85 (2017). "Subsection (c) was never intended to protect against the common stresses, shocks, and insults of life that come from exposure to crude remarks and offensive expressions, teasing and rumor mongering, and general inappropriate behavior. The aim of subsection (c) is not to enforce a code of civil behavior or proper manners." Id. at 285.

N.J.S.A. 2C:33-4.1(a) establishes the elements of cyber-harassment:

> a. A person commits the crime of cyber-harassment if, while making a communication in an online capacity via any electronic device or through a social networking site and with the purpose to harass another, the person:
>
> (1) threatens to inflict injury or physical harm to any person or the property of any person;
>
> (2) knowingly sends, posts, comments, requests, suggests, or proposes any lewd, indecent, or obscene material to or about a person with the intent to emotionally harm a reasonable person or place a reasonable person in fear of physical or emotional harm to his person; or
>
> (3) threatens to commit any crime against the person or the person's property.

"The cyber-harassment statute limits the [regulation] of speech mostly to those communications that threaten to cause physical or emotional harm or damage." Burkert, 231 N.J. at 274.

If the court finds the defendant committed a predicate act of domestic violence, then the second inquiry "is whether the court should enter a restraining order that provides protection for the victim." Silver, 387 N.J. Super. at 126. While the second inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127.

III.

Defendant's central argument is that the trial court did not have sufficient evidence to support its finding that plaintiff met his burden to prove the predicate acts of harassment and cyber-harassment. We agree. The record contains three email communications from defendant to plaintiff. The emails describe in detail defendant's opinions on various topics, including her belief that plaintiff was a narcissist, that his current marriage would fail, that he was unprofessional at work and hurt her career, and that he was a "dick." She stated that she intended to publish an opinion letter in the New York Times about

9

workplace bullying and that she would send copies of that letter to his co-workers. The emails contained crude language, but no sexual or obscene references. The defendant made no physical threats towards plaintiff in her emails to him. These communications, which formed the main thrust of plaintiff's case, simply do not rise to the level of harassment under N.J.S.A. 2C:33-4(a) or (c). They are, at most, "crude remarks and offensive expressions, teasing and rumor mongering, and general inappropriate behavior[,]" and therefore, under our law, cannot constitute a predicate act for purposes of the Prevention of Domestic Violence Act. Burkert, 231 N.J. at 285. Neither does the record support a finding of cyber-harassment under 2C:33-4.1. The emails simply do not represent "communications that threaten to cause physical or emotional harm or damage." Id. at 274. We do not agree with the trial court's legal conclusion that plaintiff met its burden to prove the predicate acts of harassment and/or cyber-harassment.

We briefly address the second prong of Silver. The record is insufficient with regard to the trial court's determination of "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the [plaintiff] from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127. We see no need to

address the remaining issues raised by defendant, as we find plaintiff failed to prove a predicate act on this record.

Based on the record before us, we vacate the trial court's final restraining order and dismiss the underlying complaint. The trial court's order compelling defendant to pay counsel fees is also vacated.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2142-19